1  JOHN D. MOORE, Nevada State Bar No. 8581
   jdmoore@springerlawnevada.com
2  **LAW OFFICES OF MICHAEL B. SPRINGER, PC**
   9628 Prototype Court
3  Reno, NV 89521
   Telephone:   (775) 786-7445
4  *Attorneys for Plaintiff and Counterdefendant*
   NATIONAL RAILROAD PASSENGER CORPORATION and *Counterdefendant and*
5  *Counterclaimant* UNION PACIFIC RAILROAD COMPANY

6  B. CLYDE HUTCHINSON, Calif. State Bar No. 037526
   bch@llcllp.com
7  JOHN W. RANUCCI, Calif. State Bar No. 184801
   jwr@llcllp.com
8  VINCENT CASTILLO, Calif. State Bar No. 209298
   vcastillo@llcllp.com
9  LIZA SIU MENDOZA, Calif. State Bar No.242493
   lsiumendoza@llcllp.com
10 **LOMBARDI, LOPER & CONANT, LLP**
   Lake Merritt Plaza
11 1999 Harrison Street, Suite 2600
   Oakland, CA 94612-3541
12 Telephone:   (510) 433-2600
   Facsimile:   (510) 433-2699
13 *Attorneys for Plaintiff and Counterdefendant*
   NATIONAL RAILROAD PASSENGER CORPORATION and *Counterdefendant and*
14 *Counterclaimant* UNION PACIFIC RAILROAD COMPANY

15 STEVEN T. JAFFE, Nevada State Bar No. 007035
   sjaffe@lawhjc.com
16 **HALL JAFFE & CLAYTON, LLP**
   7455 West Washington Avenue, Suite 460
17 Las Vegas, NV 89128
   Telephone:   (702) 316-4111
18 Facsimile:   (702) 316-4114
   *Attorneys for Defendant*
19 JOHN DAVIS TRUCKING COMPANY, INC.

20 GARY E. DI GRAZIA, Nevada State Bar No. 000198
   gdigrazia@frontiernet.net
21 **GOICOECHEA, DI GRAZIA, COYLE & STANTON, LTD.**
   530 Idaho Street
22 P.O. Box 1358
   Elko, NV 89801
23 Telephone:   (775) 738-8091
   Facsimile:   (775) 738-4220
24 *Attorneys for Counterclaimant*
   JOHN DAVIS TRUCKING COMPANY, INC.

✓ FILED   ___ RECEIVED
___ ENTERED   ___ SERVED ON
COUNSEL/PARTIES OF RECORD

FEB 17 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

13249-40990 LSM 607796.1                    1                    Case No. 3:11-cv-00461 HDM VPC

JOINT CASE MANAGEMENT STATEMENT

1  STEPHEN C. THOMPSON, Oregon State Bar No. 0076359
   steve@ktp-law.com
2  GEORGE KIRLIN, Oregon State Bar No. 0062046
   george@ktp-law.com
3  KIRKLIN THOMPSON & POPE LLP
   1100 Yeon Building
4  522 SW 5th Avenue
   Portland, OR 97204
5  Telephone:   (503) 222-1640
   Facsimile:   (503) 227-5251
6  *Attorneys for Counterclaimant*
   JOHN DAVIS TRUCKING COMPANY, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DAVIS TRUCKING COMPANY, INC., a Nevada corporation,<br><br>    Defendant. | Case No. 3:11-cv-00461 HDM VPC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  February 21, 2012<br>Time:  9:00 a.m.<br>Ctrm:  1<br>Judge:  The Honorable Valerie P. Cooke, U.S. Magistrate Judge |
| JOHN DAVIS TRUCKING COMPANY, INC., a Nevada Corporation,<br><br>    Counterclaimant,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, UNION PACIFIC RAILROAD COMPANY, and DOES 1-5,<br><br>    Counter-Defendants. | |

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1  TO THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE:

2  COME NOW the parties who have appeared in this action and submit the following Joint
3  Case Management Statement pursuant to the Minutes of the Court filed on November 8, 2011
4  (Doc 60).

## CASE MANAGEMENT REPORT

Issues Pertaining to Locomotive Videos and Event Recorder Data

On January 17, 2012, counsel for John Davis Trucking Company raised the following two issues with counsel for National Railroad Passenger Corporation ("Amtrak"). Below is a description of the two issues and their status:

1. Locomotive Videos:

John Davis Trucking Company seeks the "original" locomotive video images because it claims the encryption format in which they were produced to it makes meaningful analysis of the video impossible. Amtrak disagrees. Furthermore, according to John Davis Trucking, the encryption software takes over all operations on the computer to which the video disc is installed, and any attempt to analyze the video images results in an error message and the cessation of the play. Amtrak disagrees. John Davis Trucking also claims the video cannot be stopped and started frame by frame and that there is no manner in which to analyze the speed rate at which the images were recorded or are being played. It further claims the image quality of the videos is poor, particularly given the high resolution quality of the camera system on-board the locomotives. John Davis Trucking claims critical information about the position of the crossing gates is not visible. It believes these difficulties appear due to the encryption software into which Amtrak or its subcontractor placed the video images. Amtrak disagrees.

John Davis Trucking's Additional Claims:

John Davis Trucking claims there is no way to verify that the video in question is genuine. Amtrak disagrees. It claims the encrypted copy provided to defendant includes only Amtrak's logo and the date of the accident. It also claims it is

impossible for a forensic specialist to analyze the video for genuineness or for any other feature of importance, such as a frame-by-frame study of the video at the times preceding, during, and following the incident. John Davis Trucking further claims the disc prevents any forensic analysis which could detect tampering if such has occurred. Amtrak disagrees. It argues the disc provided by Amtrak is not a video file in any recognized format. It is an ".exe" file that contains its own software which runs the disc and supersedes the computer's controls. It claims Amtrak has thus far refused to provide the video file from which the encrypted disc was made, or the video data as originally recorded by Amtrak's on board digital video recorder. According to John Davis Trucking, the encryption provided to John Davis Trucking was made on November 1, 2011, shortly after the Court's order directing that the video be produced. John Davis Trucking claims that necessarily means that the encryption was made from a video file in native form which could, and should, have been produced. According to John Davis Trucking, the encrypted disc wholly fails to comply with the requirements of FRCP 34, particularly in light of the 2006 Amendment thereto. (See the Official Commentary to that Amendment.) It alleges the disc Amtrak produced is of such poor quality it is impossible to determine whether the gates were down for the full five seconds minimum time preceding arrival of the train at the crossing, as required by federal regulation. Amtrak disagrees with all the contention above.

Status:

As noted above, Amtrak disagrees with John Davis Trucking's assessment of the locomotive video. Notwithstanding, the parties have met and conferred and are continuing to meet and confer on these issues. Amtrak is currently investigating whether there is a better quality version of the locomotive videos in existence. Based on the information presently known to Amtrak's counsel, the locomotive video camera is set to record images at 30 frames per second. The multiple copies of the locomotive video provided to John Davis Trucking all display images at 30 frames per second. Amtrak is willing to display the video to the Court so that the Court may judge for

itself the quality of the video footage. Amtrak contends the video quality is very good, and more importantly, conclusively shows that the crossing gates were down prior to the lead locomotive entering the crossing. Given that the John Davis Trucking tractor struck the fourth train car (the second car behind the two locomotives), the locomotive mounted camera would never have captured the impact because the lead locomotive had cleared through the crossing approximately 3-4 seconds before impact. Nevertheless, Amtrak is working on obtaining an unencripted copy of the locomotive videos and has informed John Davis Trucking that it is working on obtaining this copy. As to John Davis Trucking's contention regarding FRCP 34, Amtrak contends FRCP 34 does not apply as Amtrak has not received any Request for Documents from John Davis Trucking.

2. <u>Event Recorder Data</u>: John Davis Trucking Company also seeks the "original" event recorder data because it believes the event recorder device on-board both the lead and trailing locomotives are of a type that are susceptible to manipulation.

<u>Status</u>:

The parties have met and conferred on this issue and this issue has since been resolved. Amtrak has provided John Davis Trucking an additional copy of the event recorder data it previously sent, but with metadata showing the date and time the event recorder data were downloaded.

///
///
///
///
///
///
///
///
///

1   / / /

2   Request to Vacate Case Management Conference

3   The parties stipulate to vacate the Case Management Conference scheduled for February

4   21, 2012 at 9:00 a.m.

5   DATED this 16th day of February, 2012.

LAW OFFICES OF MICHAEL B. SPRINGER, PC

By: /s/ John D. Moore
 John D. Moore
 Nevada State Bar No. 8581
 9628 Prototype Court
 Reno, NV  89521
 (775) 786-7445
 *Attorneys for Plaintiff and Counterdefendant*
 NATIONAL RAILROAD PASSENGER
 CORPORATION *and Counterdefendant*
 *and Counterclaimant* UNION PACIFIC
 RAILROAD COMPANY

DATED this 16th day of February, 2012.

LOMBARDI, LOPER & CONANT, LLP

By: /s/ B. Clyde Hutchinson
 B. Clyde Hutchinson
 California State Bar No. 037526
 Lake Merritt Plaza
 1999 Harrison Street, Suite 2600
 Oakland, CA  94612-3541
 (510) 433-2600
 *Attorneys for Plaintiff and Counterdefendant*
 NATIONAL RAILROAD PASSENGER
 CORPORATION *and Counterdefendant*
 *and Counterclaimant* UNION PACIFIC
 RAILROAD COMPANY

DATED this 16th day of February, 2012.

HALL JAFFE & CLAYTON, LLP

By: /s/ Steven T. Jaffe
 Steven T. Jaffe

                                      Nevada State Bar No. 007035
                                      7455 West Washington Avenue, Suite 460
                                      Las Vegas, NV 89128
                                      (702) 316-4111
                                      *Attorneys for Defendant*
                                      JOHN DAVIS TRUCKING COMPANY, INC.

DATED this 16th day of February, 2012.

                                      GOICOECHEA, DI GRAZIA, COYLE & STANTON, LTD.

                                      By:    /s/ Gary E. Di Grazia
                                                    Gary E. Di Grazia
                                                    Nevada State Bar No. 000198
                                                    530 Idaho Street
                                                    P.O. Box 1358
                                                    Elko, NV 89801
                                                    (775) 738-8091
                                                    *Attorneys for Counterclaimant*
                                                    JOHN DAVIS TRUCKING COMPANY, INC.

DATED this 16th day of February, 2012.

                                      KIRKLIN THOMPSON & POPE LLP

                                      By:    /s/ Stephen C. Thompson
                                                    Stephen C. Thompson
                                                    Oregon State Bar No. 0076359
                                                    1100 Yeon Building
                                                    522 SW 5th Avenue
                                                    Portland, OR 97204
                                                    Telephone:   (503) 222-1640
                                                    Facsimile:    (503) 227-5251
                                                    *Attorneys for Counterclaimant*
                                                    JOHN DAVIS TRUCKING COMPANY, INC.

## [PROPOSED] ORDER

Per the parties Joint Case Management Statement, the Court hereby vacates the Case Management Conference scheduled for February 21, 2012 at 9:00 a.m. in Courtroom 1.

IT IS SO ORDERED.

DATED: February 17, 2012

By: _____
THE HONORABLE VALERIE P. COOKE
UNITED STATES MAGISTRATE JUDGE