UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>JOHN DAVIS TRUCKING COMPANY, INC.,<br><br>　　　　　　　Defendant. | 3:11-CV-0461-HDM (VPC)<br><br>ORDER |

　　　　On October 26, 2012, this Court held a hearing on defendant John Davis Trucking Company, Inc.'s second emergency motion for leave to take limited depositions (#149). Present and appearing on behalf of plaintiff National Railroad Passenger Corporation and third-party defendant Union Pacific Railroad were John Moore, Vincent Castillo, and Liza Siu Mendoza. Present and appearing on behalf of defendant/counterclaimant/counterdefendant John Davis Trucking Company, Inc. were Stephen C. Thompson, George Kirklin, Steven T. Jaffe, Karen L. Bashor, and Gary DiGrazia.

　　　　The Court, having read the memoranda of the parties and considered the arguments of counsel, orders as follows:

　　　　1.　　Good cause exists for the requested depositions. Accordingly, the Court grants John Davis Trucking's second emergency motion to permit the depositions of the following Union Pacific witnesses:

　　　　　　　　a.　　UPRR Claims Representative Raj Deo. The scope of Mr. Deo's deposition under this order includes questioning on the collection and preservation of

|   |   |
|---|---|
| 1 | evidence at the scene of the accident, his contacts on behalf of Union Pacific |
| 2 | Railroad with the National Transportation Safety Board officials assigned to |
| 3 | the accident and/or at the accident scene concerning evidence preservation, |
| 4 | his verified responses to interrogatories posed in this case, and his activities |
| 5 | generally at the crossing, particularly in light of the recent deposition |
| 6 | testimony of Union Pacific Railroad Signals Manager, Shannon Kelly; |

    b.    UPRR Signal Construction Gang employee Frank Gable. The scope of Mr. Gable's deposition under this order includes the general circumstances under which he found himself at the accident scene grade crossing as depicted in Exhibits 11 and 12 to the Dillenburg deposition of October 4, 2012, the presence of a gate tip or arm protruding from the bed of the truck portrayed in those photographs, his presence at the accident scene with the believed replacement tip, what he was doing at the scene with the pick-up truck and the gate arm tip he is seen to accompany in those photographs, what actions, if any, he took with the gate tip displayed in those photos, and what actions, if any, he took with respect to the gate arm, it's tip and/or butt, and what authority or instruction he received with respect to any of those actions;

    c.    UPRR Signal Maintainer Steve Stapleton. The scope of Mr. Stapleton's deposition will include the conduct of his annual inspection of the subject crossing on the morning of the accident, including the nature and extent of his inspection of the signal equipment; the circumstances of his NTSB interview on June 27, 2011 in Miriam, NV and its content; his experience, training and familiarity with the crossing; his observations and actions at the crossing following the accident; and any communications he had arising from, concerning or connected with any of the above. In addition, the scope will include his knowledge concerning information contained within the Remedy Tickets produced by Union Pacific Railroad in this litigation that pertain to his inspections or actions at the crossing or that pertain to him;

1  d. Former UPRR Signal Maintainer Hayes Andy Douglas. The scope of Mr. Douglas' deposition includes the gate motor, relay and/or gate mechanism, and the disposition of any replaced parts or components that were replaced on or about August 11, 2011 as noted in the Remedy Ticket dated August 11, 2011; as well as the reasons for and circumstances of his dismissal from Union Pacific Railroad; and

e. An FRCP 30(b)(6) witness or witnesses chosen by Union Pacific Railroad as the person most knowledgeable on and able to speak on behalf of Union Pacific Railroad on its policies and procedures for preservation of evidence at a crossing accident scene such as the one involved in this litigation, including the tagging of evidence at the scene of such an event.

2. These depositions will go forward under the Federal Rules of Civil Procedure, on a date and time mutually convenient for the parties and the witnesses. Union Pacific Railroad will provide Mr. Gable at a place located within the State of Idaho and mutually agreeable to the parties. Union Pacific Railroad will provide Mr. Deo, Mr. Stapleton, and its FRCP 30(b)(6) witness at Reno, Nevada at a place, date and time agreeable to the parties. Because Mr. Douglas is no longer its employee, Union Pacific Railroad is not responsible to produce him for his deposition, and defendant will be responsible for locating and securing his presence at the deposition. However, Union Pacific Railroad shall furnish to defendant's counsel within five days of the date of this order its last available contact information concerning Mr. Douglas, including his full name, addresses, telephone and mobile numbers.

3. These deposition will <u>not</u> be counted against John Davis Trucking's deposition limits.

IT IS SO ORDERED.

Dated: November 6, 2012.

_____
UNITED STATES MAGISTRATE JUDGE