UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

NATIONAL RAILROAD                )        3:11-CV-0461-HDM-VPC
PASSENGER CORPORATION,           )
                                 )
       Plaintiff(s),             )        **MINUTES OF PROCEEDINGS**
                                 )
vs.                              )
                                 )        DATED:   November 26, 2012
JOHN DAVIS TRUCKING              )
COMPANY, INC.,                   )
                                 )
       Defendant(s).             )
_____  )

PRESENT:   THE HONORABLE VALERIE P. COOKE, MAGISTRATE JUDGE

Deputy Clerk:     Lisa Mann          Court Reporter:     FTR

Counsel for Plaintiff(s):    Vincent Castillo, Benjamin Hutchinson, and John Moore

Counsel for Defendant(s):    Stephen Thompson, George Kirklin, Karen Bashor, and (By telephone) Gary Di Grazia

PROCEEDINGS: CASE MANAGEMENT CONFERENCE AND MOTIONS HEARING

2:32 p.m.  Court convenes.

    The Court addresses the parties regarding the schedule for this proceeding.

    Counsel for plaintiff and counter-defendant, National Railroad Passenger Corporation ("Amtrak") and counter-defendant and counter-claimant, Union Pacific Railroad Company ("UP"), advise the Court that a compromise regarding their motion to re-open written discovery (#142) has been reached; however, counsel for defendant, counter-claimant, and counter-defendant, John Davis Trucking ("JDT") advise they are unsure of the compromise.

    Therefore, the Court and counsel agree to take a brief recess to allow counsel to confer about any compromise they may reach regarding JDT's motion to re-open written discovery (#142).

2:37 p.m.  Court recesses.
2:48 p.m.  Court reconvenes.

National Railroad Passenger Corporation v. John Davis Trucking Company, Inc.
3:11-CV-0461-HDM-VPC
November 26, 2012
Page 2

Counsel advise the Court they do not have a compromise regarding JDT's motion to re-open written discovery (#142).

Therefore, the Court advises it shall address the motions in the order in which they were filed.

Counsel present their respective positions regarding Amtrak and UP's motion to compel responses to interrogatories and request for sanctions (#138).

The Court orders that all parties will consolidate their responses and supplemental responses to written discovery to avoid any confusion and cross-referencing of responses. All parties understand they will reorganize all supplemented discovery responses so that the responses can be located in one place for ease of reference. Amtrak and UP's motion (#138) is GRANTED in part as to this issue.

2:55 p.m.   Court recesses.
3:50 p.m.   Court reconvenes.

Having conferred during the recess, counsel report for the record their agreement regarding JDT's motion to compel (#140) and defendant's motion to re-open written discovery (#142) as follows:

    **1.**    **Defendant's motion to re-open written discovery (#142):**

The parties state for the record their compromise regarding JDT's motion to re-open written discovery (#142) as follows:

    a.    JDT shall be allowed to serve ten (10) interrogatories and ten (10) requests for production of documents to Amtrak.

    b.    JDT shall be allowed to serve ten (10) interrogatories and ten (10) requests for production of documents to UP.

    c.    Amtrak shall be allowed to serve ten (10) interrogatories and ten (10) requests for production of documents to JDT.

    d.    UP shall be allowed to serve ten (10) interrogatories and ten (10) requests for production of documents to JDT.

    e.    Counsel advise the Court that the National Transportation Safety Board ("NTSB") report is still not final; however, the parties are optimistic that it report will be

National Railroad Passenger Corporation v. John Davis Trucking Company, Inc.
3:11-CV-0461-HDM-VPC
November 26, 2012
Page 3

>finalized in early December 2012.  Therefore, the parties agree to wait until **Friday, December 14, 2012** to serve this written discovery and that responses will be due **Friday, January 18, 2013**.

The Court finds JDT's motion to re-open written discovery (#142) has been resolved by stipulation, and the Court approves re-opening discovery as set forth in this order.  JDT's motion (#142) is GRANTED in part and DENIED in part as stated in this order.

2.      **JDT's motion to compel discovery responses (#140):**

With respect to JDT's motion to compel discovery responses (#140), the parties have resolved this motion as follows:

a.      Counsel agree that with respect to JDT's request for production of documents nos. 49, 55 and 60, (set two) regarding Wi-Tronix and Amtrak, there are 30(b)(6) witnesses who will be deposed to answer questions relative to this discovery.  If issues remain, the parties have leave to return to the Court for further relief.

b.      JDT's interrogatory no. 33 is withdrawn.

c.      JDT's requests for production of documents nos. 49 and 50 were previously withdrawn.

The Court finds JDT's motion to compel discovery responses (#140) has been resolved; therefore, it is DENIED as moot.

Counsel present their respective positions regarding plaintiff and UP's motion to compel responses to interrogatories and request for sanctions (#138).  The Court notes that counsel has already established that JDT will supplement its answers to Amtrack's interrogatories nos. 41 and 42, (set two) and resolved the issue concerning prior responses.

3.      **UP and Amtrak's motion to compel responses to interrogatories and request for sanctions (#138):**

Having heard from counsel and good cause appearing, the Court finds as follows:

a.      With respect to UP's interrogatories nos. 17, 20 and 23 for UP's (set two), JDT agrees to re-phrase these interrogatories.

b.      UP withdraws UP's interrogatory no. 26 (set two).

National Railroad Passenger Corporation v. John Davis Trucking Company, Inc.
3:11-CV-0461-HDM-VPC
November 26, 2012
Page 4

      c.      <u>JDT's response to UP's interrogatories, nos. 29, 32, 35, 38 and 41 (set two)</u>:

           Based upon Mr. Kirklin's representations, JDT will supplement these interrogatories and state that the responses were not based on any research or information an individual employed by JDT undertook; rather, Mr. Kirklin conducted his own research in order to provide the best answer to the interrogatories. JDT's counsel will supplement this answer accordingly.

      d.      <u>JDT's response to Amtrak's interrogatories nos. 34 and 38 (set two)</u>:

           JDT will supplement its answer to state that the information provided in response to these interrogatories was based upon not the individual knowledge of anyone at JDT, but was based on counsel's research and best answer.

      e.      <u>JDT's response to Amtrak's interrogatories nos. 41 and 42 (set two)</u>:

           JDT will supplement its answer to state that the information provided in response to these interrogatories was based upon not the individual knowledge of anyone at JDT, but was based on counsel's research and best answer.

      f.      <u>JDT's response to Amtrak's interrogatory nos. 40 (set two)</u>:

           JDT will supplement its answer to state that the information provided in response to this interrogatory was based upon not the individual knowledge of anyone at JDT, but was based on counsel's research and best answer.

      g.      <u>JDT's supplemental response to UP's interrogatory no. 2 (set two)</u>:

           JDT will supplement its response to state that the information provided in response to this interrogatory was based upon not the individual knowledge of anyone at JDT, but was based on counsel's research and best answer.

      h.      <u>JDT's supplemental response to Amtrak's interrogatory no. 16 (set one)</u>:

           Counsel believe there was a typographical error on the subpoena. JDT advises it does not issue cell phones to its drivers. Therefore, Mr. Castillo withdraws the objection, but he will review the subpoena to confirm the error and to the extent a response is necessary, counsel are directed to work together to resolve this issue.

National Railroad Passenger Corporation v. John Davis Trucking Company, Inc.
3:11-CV-0461-HDM-VPC
November 26, 2012
Page 5

      i.      JDT's supplemental response to Amtrak's interrogatory no. 30 (set one):

           The objection to this interrogatory is withdrawn.

      j.      JDT's supplemental response to Amtrak and UP's request for admission no. 1 (set one):

           The Court finds this answer stands.

      k.      JDT's supplemental response to UP's interrogatory no. 47 (set two):

           All parties agree they will create a uniform way to organize all supplemented discovery responses so that the responses can be located in one place for ease of reference and JDT will supplement its response to state that the information provided in response to this interrogatory was based upon its counsel's research and best answer, and not an individual knowledge and research of a JDT employee.

Mr. Castillo withdraws the portion of UP and Amtrak's motion (#138) requesting sanctions; therefore, UP and Amtrak's motion to compel responses to interrogatories and request for sanctions (#138) is GRANTED in part and DENIED in part as set forth on the record.

**4.**      **Depositions:**

      The current deadline for non-expert depositions is January 31, 2013. Counsel advise the Court that this deadline may need to be extended. Therefore, counsel are directed to meet and confer concerning the deadline for non-expert depositions and include the proposed deadline in the next case management report.

**5.**      **Supplemental discovery deadline:**

      The deadline for defendant to supplement the written discovery responses as ordered during this proceeding is set for **Monday, December 17, 2012**.

      IT IS SO ORDERED.

4:42 p.m.  Court adjourns.

                                                                   LANCE S. WILSON, CLERK
                                                                   By:_____/s/_____
                                                                        Lisa Mann, Deputy Clerk