UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DAVIS TRUCKING COMPANY, INC.,<br><br>Defendant. | Case No. 3:11-CV-0461-HDM (VPC)<br><br>ORDER |

Before the court is the motion of National Railroad Passenger Corporation ("Amtrak") and Union Pacific Railroad Company's ("UPRR") motion for reconsideration on motion to compel re John David Trucking's," ("JDT") privilege log (#s 339 & 340). JDT opposed (#356) and Amtrak/UPRR replied (#s 367 & 368). This order follows.

**I. Procedural History**

Amtrak and UPRR filed a motion to compel production of documents that JDT withheld based upon various theories of privilege, confidentiality and relevance (#277). At the court's monthly case management conference in November 2013, the court ordered JDT to produce the NHP Incident report relating to what is called the "Biglin accident," a fatal accident involving a former JDT truck driver while he was operating a JDT vehicle about one year prior to the subject

accident. The parties met and conferred as to the remaining documents and filed a report in December 2013, concerning documents that the parties agreed to produce, some that were withdrawn, and those that still remained at issue (#295). On January 28, 2014, the court denied Amtrak and UPRR's motion to compel on the ground that the documents sought are not likely to lead to the discovery of admissible evidence (#317). The court granted JDT's motion for reconsideration and reversed its ruling, granting the production of the NHP Incident Report of the Biglin accident. *Id.*

Amtrak and UPRR independently obtained the NHP Incident Report of the Biglin accident, which they contend found that the Biglin vehicle suffered from similar brake defects as the subject vehicle; therefore, JDT was placed on notice of possible brake defects of the subject vehicle and calls into question JDT's maintenance program of its fleet. Amtrak and UPRR assert that they should be entitled to the remaining documents involved in the Biglin accident to explore similarities between the Biglin accident and the subject accident.

Amtrak and UPRR also contend that Amtrak's first amended complaint sufficiently provides notice that the issue of vehicle maintenance was pled and rely on the following: "Plaintiff alleges that Defendant JOHN DAVIS TRUCKING negligently owned, operated, maintained, inspected and entrusted the Peterbilt tractor trailer combination." *See* Amtrak's first amended complaint, first claims for relief, negligence.

At the February 2014 case management conference, the court advised the parties that it would review the revised spreadsheet of the documents still in dispute, established a further briefing schedule, and ordered JDT to submit the disputed documents to chambers for the court's *in camera* review (#330).

2

JDT's position is that there are not similarities between the Biglin accident and the subject accident, but that even if this were so, the documents at issue will not lead to the discovery of admissible evidence in this case. JDT's view is the only issue relevant to this action is the maintenance and repair of the vehicles involved in this accident and that Amtrak's first amended complaint only pleads a claim of negligent maintenance as to the specific vehicle involved in the subject accident.

II. **Analysis and Discussion**

This court has inherent jurisdiction to reconsider, rescind or modify such orders. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). Rule 54(b) of the Federal Rules of Civil Procedure allows the court to revise any order adjudicating fewer than all of the claims in an action at any time before final judgment. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263, (9th Cir. 1993). However, "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D.Nev. 2004).

The court has reviewed the disputed documents *in camera*, as well as Amtrak's first amended complaint. The court disagrees that Amtrak has broadly pled a claim against JDT as it concerns a systemic failure to inspect, repair, and maintain its vehicles; rather, the allegations refer solely to the Peterbilt truck involved in the subject accident. The court has also had the benefit of reviewing the disputed documents *in camera* and concludes that they are privileged, are otherwise outside the scope of discovery, or they are not likely to lead to the discovery of admissible evidence.

3

### III. Conclusion

Amtrak and UPRR's motion for reconsideration (#s 339 & 340) is **DENIED.** The documents submitted to the court *in camera* shall be shredded upon the entry of this order.

**IT IS SO ORDERED.**

Dated: March 24, 2014.



_____
UNITED STATES MAGISTRATE JUDGE

4