UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DAVIS TRUCKING COMPANY, INC.,<br><br>Defendant. | Case No. 3:11-CV-0461-HDM (VPC)<br><br>**ORDER** |

This order concerns the protocol for the extraction of LDVR video data. At the February 2014, case management conference, counsel for the parties reported to the court that they needed to work out a protocol for the extraction of video data from the LDVR in the custody of Amtrak claims personnel (#330). At the April 2014, case management conference (#410), counsel defendant John Davis Trucking Co., Inc. ("JDT") reported to the court that the protocol had not been circulated because counsel for Amtrak was having difficulty coordinating with Wabtech.[1] JDT requested a firm date to schedule the locomotive download, and the court directed Amtrak to file a status report by April 18, 2014, advising the court on the status of the download procedure (Transcript #412, page 116).

On April 18, 2014, Amtrak reported the following:

> Wabtec has agreed to conduct the extraction of the video data from the subject LDVR. The extraction will occur in Oakland, CA. Attorney Castillo is working with Wabtec's counsel to coordinate a convenient date and time for the data extraction. Wabtec is closed

---

[1] Amtrak's counsel reported that since Wabtech manufactured the LDVR, he wanted to enlist their help in extracting the data to eliminate any claims of spoliation. Transcript at #412, page 115, lines 5-12.

today due to the holiday, but Mr. Castillo will discuss dates with Wabtec's counsel on Monday, April 21.

(#411). Thereafter, Amtrak notified JDT that the extraction would occur on May 6, 2014, and that Amtrak would provide a proposed protocol "well in advance of May 6" (#430-1, Kirklin Decl., Ex. A). On April 30, 2014, four business days before the May 6 inspection, Amtrak emailed JDT the proposed protocol. *Id.*, Ex. B. JDT's counsel immediately sent the protocol to its video experts, and the next day, JDT's counsel provided Amtrak its objections and an alternative protocol. *Id.*, Ex C. The parties continued to disagree about the protocol, and on May 5, 2014, the parties filed status reports concerning the video data extraction from the Amtrak LDVR (#s 428, 429, & 430). JDT also filed the declaration of Chris Fotiadis, one of its video experts, to explain the reasons for JDT's suggested alternative protocol (#431). Amtrak did not file a declaration in support of its proposed protocol. Amtrak's position is that while the parties agreed that video data would be extracted from the LDVR that was equipped aboard Locomotive 43, JDT's proposed protocol expands the scope of what this court has allowed and now includes requests to disassemble the LDVR, insists on requests that neither Amtrak not Wabtec can perform, and requests that Amtrak provide information that is proprietary to March Networks (#428).

Mr. Fotiadis, JDT's expert, attests that "if the purpose of the video data extraction is to verify the authenticity of the videos that have been submitted in this case, the protocol is woefully inadequate and does not accomplish that goal by any stretch of the imagination." (#431, Fotiadis Decl., ¶ 4). Mr. Fotiadis explains in detail that in order to examine the entire contents of the hard drive, he must clone the hard drive to allow him "to examine its contents and aid in determining the authenticity of the videos provided in this case." *Id.* at ¶ 7. Mr. Fotiadis intends to create two hard drive clones, one for his examination and one for Amtrak. *Id.* Mr. Fotiadis also explains that he needs "access to the embedded operating system of the LDVR to confirm that no events have been logged by the system which could point to any irregularities in the operation of the LDVR or recording of videos, which might not be visible from an exhaustive inspection of the hard drive data alone." *Id.* at ¶ 9. Mr. Fotiadis will download this information on two flash drives, one for his examination and one for Amtrak. *Id.* Finally, Mr. Fotiadis states

that if the parties abide by Amtrak's protocol, "no statement can validly be made by me or any other competent investigator that even suggests an adequate or proper forensic inspection has been or can be made of any evidence obtained from the LDVR in question." *Id.* at ¶ 11.

The court concludes that JDT's protocol for inspection of the LDVR is proper and will insure a thorough forensic analysis of the data to be extracted from the LDVR. When this court ordered the inspection, it did not intend to limit the procedure in any particular way, since the court lacks expertise in how video data extracted from the LDVR should be accomplished.

IT IS ORDERED as follows:

1. The protocol proposed by JDT's expert, Mr. Fotiadis, shall be used in the extraction of video data from the LDVR.

2. The inspection of the LDVR shall occur in Oakland, California within ten days of the date of this order.

IT IS SO ORDERED.

Dated: May 9, 2014.

_____
UNITED STATES MAGISTRATE JUDGE