UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | | |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | 3:11-cv-00461-HDM-VPC |
| vs. | ) ) ) | MINUTES OF COURT |
| JOHN DAVIS TRUCKING COMPANY, INC., a Nevada corporation, | ) ) ) | JULY 29, 2014 |
| Defendant. | ) ) ) | |
| JOHN DAVIS TRUCKING COMPANY, INC., a Nevada corporation, | ) ) ) | |
| Counterclaimant, | ) ) | |
| vs. | ) ) ) | |
| NATIONAL RAILROAD PASSENGER CORPORATION, UNION PACIFIC RAILROAD COMPANY, and DOES 1-5 | ) ) ) ) | |
| Counter-defendants. | ) ) ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) ) | |
| Counterclaimant, | ) ) | |
| vs. | ) ) ) | |
| JOHN DAVIS TRUCKING COMPANY, INC., a Nevada corporation, | ) ) ) | |
| Counter-defendant. | ) ) / | |

**PROCEEDINGS:** <u>**TELEPHONIC MOTION HEARING**</u>

**PRESENT:**
**THE HONORABLE HOWARD D. McKIBBEN, SENIOR U.S. DISTRICT JUDGE**
**Deputy Clerk:** Paris Rich      **Court Reporter:** Kathryn French

**National Railroad Passenger Corporation vs. John Davis Trucking Company, Inc.**
**3:11-cv-00461-HDM-VPC**
**July 29, 2014**
**Page 2**

---

At 1:59 p.m., the Court convenes.

Mark Landman, Vincent Castillo, Liza Siu Mendoza, and John Moore are present telephonically on behalf of Plaintiff and Counter-defendant NATIONAL RAILROAD PASSENGER CORPORATION ("Amtrak") and Counter-defendant and Counterclaimant UNION PACIFIC RAILROAD ("UPRR").

Steven Jaffe and Karen Bashor are present telephonically on behalf of <u>Defendant</u> JOHN DAVIS TRUCKING COMPANY, INC.  Stephen Thompson, George Kirklin, Rick Pope, Kristen Chambers, and Gary Di Grazia are present telephonically on behalf of <u>Counterclaimant</u> JOHN DAVIS TRUCKING COMPANY, INC. ("JDT").

The Court recites preliminary statements as to the summary, deferred and definitive rulings to be recited this date.  The Court states it will address the Plaintiff/Counter-defendant's [442] Motion for Partial Summary Judgment Dismissing the Defendant's Counterclaims, the Plaintiff/Counter-defendant's [447] Motion for Partial Summary Judgment Dismissing the Defendant's Fifteenth Affirmative Defense Regarding Spoliation of Material Evidence and a number of the outstanding motions in limine.

The Court recites findings with respect to the Plaintiff/Counter-defendant's [442] Motion for Partial Summary Judgment. The Court concludes the negligence claim, as it relates to certain regulations, will go forward.  **IT IS ORDERED, [442] Motion for Partial Summary Judgment Dismissing the Defendant's Counterclaims is DENIED.  The Court finds there are issues of material fact that preclude summary judgment as to the CFR alleged violations of 49 CFR 234.223 and 49 CFR 234.225.**  The Court will address the remaining sub-parts of the negligence claim as the trial progresses, however, it does not appear those claims will go forward to the jury.

The Court recites findings with respect to the Plaintiff/Counter-defendant's [447] Motion for Partial Summary Judgment.  **IT IS ORDERED, [447] Motion for Partial Summary Judgment Dismissing the Defendant's Fifteenth Affirmative Defense Regarding Spoliation of Material Evidence is DENIED as it relates to possible testimony by Mr. Fotiadis and/or Mr. Spivak relating to authenticity and anomalies described in connection with video.  IT IS FURTHER ORDERED, the Court RESERVES on the GCP recorder cards and HCA memory.  IT IS FURTHER ORDERED, in connection with the gate arm, the Court RESERVES the issue of whether the Court will give an inference instruction to the jury.**

**National Railroad Passenger Corporation vs. John Davis Trucking Company, Inc.**
**3:11-cv-00461-HDM-VPC**
**July 29, 2014**
**Page 3**

___

The Court recites statements with respect to the Plaintiff/Counter-defendant's [512] Motion in Limine No. 1 to Limit or Exclude Testimony from John Davis Trucking Company's Experts Regarding Spoliation of Evidence and [519] Motion in Limine No. 2 to Bar Testimony from John Davis Trucking Company Experts Primeau, Fotiadis, Spivak, and List, Relating to Alleged Spoliation of the LDVR Video.  **IT IS ORDERED, the Court RESERVES on [512] Motion in Limine No. 1 and [519] Motion in Limine No. 2.**

The Court recites findings with respect to the Plaintiff/Counter-defendant's [527] Motion in Limine No. 3 to Bar the Expert Testimony of Valery N. Aginsky relating to ink testing.  **IT IS ORDERED, [527] Motion in Limine No. 3 is GRANTED as related to the ink testing.  IT IS FURTHER ORDERED, the Court RESERVES on the issue relating to photocopying.**

The Court recites findings with respect to the Plaintiff/Counter-defendant's [529] Motion in Limine No. 4 to Bar the Expert Testimony of Dr. Harvey Levine relating to prior wrongs.  **IT IS ORDERED, [529] Motion in Limine No. 4 is GRANTED without prejudice to renew at trial outside the presence of the jury.  The Defendant shall be precluded from referencing that testimony during opening statements.**

The Court recites findings with respect to the Plaintiff/Counter-defendant's [530] Motion in Limine No. 5 to Bar Testimony from John Davis Trucking Company's Expert Michael Dilich relating to accident reconstruction testimony.  **IT IS ORDERED, [530] Motion in Limine No. 5 is DENIED.  The witness shall not be allowed to testify as to any ultimate issue.**

The Court recites findings with respect to the Plaintiff/Counter-defendant's [531] Motion in Limine No. 6 to Bar Testimony from John Davis Trucking Company's Expert Dror Kopernik relating to direct hit to the face of the cabinet.  **IT IS ORDERED, [531] Motion in Limine No. 6 is DENIED.**

The Court recites findings with respect to the Plaintiff/Counter-defendant's [532] Motion in Limine No. 7 to Bar the Expert Testimony of Dr. David Thompson relating to human factors.  **IT IS ORDERED, [532] Motion in Limine No. 7 is DENIED without prejudice to renew at the time of trial.**

The Court admonishes counsel regarding the expected procedure for objections during the trial.

The Court recites findings with respect to the Plaintiff/Counter-defendant's [533] Motion in Limine No. 8 to Exclude Testimony Regarding John Davis Trucking Company's Expert Chris Fotiadis' Supplemental Expert Report or Testimony relating to new methodology and opinions.  **IT IS ORDERED, [533] Motion in Limine No. 8 is DENIED.**  The Court further addresses the Plaintiff's argument that the disclosure was untimely.  The Court presents additional comments and states it might take corrective actions by allowing the reopening of a deposition or additional testimony.

**National Railroad Passenger Corporation vs. John Davis Trucking Company, Inc.**
**3:11-cv-00461-HDM-VPC**
**July 29, 2014**
**Page 4**

___

The Court recites findings with respect to the Plaintiff/Counter-defendant's [534] Motion in Limine No. 9 to Preclude Introduction of New Theories of Liability or Prayers for Relief at Trial.  **IT IS ORDERED, [534] Motion in Limine No. 9 is GRANTED.**

The Court recites statements with respect to the Plaintiff/Counter-defendant's [535] Motion in Limine No. 10 to Bar the Introduction of Testimony regarding whether railroad crossings can be made safer.  **IT IS ORDERED, the Court RESERVES on [535] Motion in Limine No. 10 and there will be no reference in the opening statements.**

The Court recites statements with respect to the Plaintiff/Counter-defendant's [536] Motion in Limine No. 11 to Preclude the Introduction of Evidence of Subsequent Remedial Measures.  **IT IS ORDERED, the Court RESERVES on [536] Motion in Limine No. 11 and there will be no reference in the opening statements.**

The Court recites findings with respect to the Plaintiff/Counter-defendant's [537] Motion in Limine No. 12 to Exclude Evidence, Argument, Statements, or References to 1985 Trespass Conviction relating to Amtrak's Locomotive Engineer Ron Kaminkow.  **IT IS ORDERED, [537] Motion in Limine No. 12 is GRANTED.**

The Court recites findings with respect to the Plaintiff/Counter-defendant's [538] Motion in Limine No. 13 to Prohibit the Use of Post-Accident Evidence.  **IT IS ORDERED, [538] Motion in Limine No. 13 is GRANTED with leave to reconsider.**

The Court recites statements with respect to the Plaintiff/Counter-defendant's [539] Motion in Limine No. 14 to Preclude the Introduction of Evidence Regarding a Prior Accident on September 14, 2010 at the Subject Highway Crossing.  **IT IS ORDERED, the Court RESERVES on [539] Motion in Limine No. 14.**

The Court recites findings with respect to the Plaintiff/Counter-defendant's [540] Motion in Limine No. 15 to Prohibit the Use of Post-Accident Conduct.  **IT IS ORDERED, [540] Motion in Limine No. 15 is GRANTED without prejudice to renew outside the presence of the jury.  Further, there will be no reference in the opening statements.**

At 2:50 p.m., the Court addresses the Defendant's [510] Motion in Limine No. 4 regarding the video audit trail and directs specific inquiries to the Plaintiff.  Mr. Castillo and Mr. Landman respond.  **IT IS ORDERED, the Court RESERVES on [510] Motion in Limine No. 4 until the time of trial.**

The Court recites findings with respect to the Defendant's [549] Motion in Limine No. 5 to Bar Display of Locomotive Video Until Amtrak Properly Authenticates.  **IT IS ORDERED, [549] Motion in Limine No. 5 is DENIED without prejudice.**

**National Railroad Passenger Corporation vs. John Davis Trucking Company, Inc.**
**3:11-cv-00461-HDM-VPC**
**July 29, 2014**
**Page 5**

---

The Court recites findings with respect to the Defendant's [513] Motion in Limine No. 6 to Exclude any Evidence Offered by Amtrak or Union Pacific of the Manner and Method of Date and Time Stamping.  **IT IS ORDERED, [513] Motion in Limine No. 6 is DENIED without prejudice.**

The Court recites statements with respect to the Defendant's [515] Motion in Limine No. 7 to Exclude from Evidence and Prohibit Reliance Upon the Declaration of Mike West.  **IT IS ORDERED, the Court RESERVES on [515] Motion in Limine No. 7 until the time of trial.**

The Court recites findings with respect to the Defendant's [517] Motion in Limine No. 8 to Preclude Amtrak and Its Witnesses from Relying Upon Any Document Not Produced on or Before December 30, 2013.  **IT IS ORDERED, [517] Motion in Limine No. 8 is DENIED without prejudice.**

The Court recites findings with respect to the Defendant's [518] Motion in Limine No. 9 Regarding NTSB Accident Report.  **IT IS ORDERED, [518] Motion in Limine No. 9 is GRANTED IN PART, DENIED IN PART and RESERVED IN PART.  To the extent the Motion argues the NTSB Accident Report itself and/or ultimate conclusions are not admissible, [518] Motion in Limine No. 9 is GRANTED.   As to the general use of the NTSB Accident Report, [518] Motion in Limine No. 9 is DENIED.  The Court RESERVES on any factual investigative reports.**

The Court recites statements with respect to the Defendant's [520] Motion in Limine No. 10 Regarding NTSB Deposition Testimony.  **IT IS ORDERED, the Court RESERVES on [520] Motion in Limine No. 10 until the time of trial.**

The Court inquires as to whether counsel representing the NTSB were present during all of the depositions, provided a statements to counsel conducting the depositions regarding the parameters of questioning, and were present to object on behalf of the NTSB.  Mr. Landman confirms the Court's statements are correct.

The Court recites findings with respect to the Defendant's [523] Motion in Limine No. 11 to Preclude Union Pacific or Amtrak from Referencing, Discussing or Introducing into Evidence the Order Issued by Judge Scott Freeman Regarding Spoliation.  **IT IS ORDERED, [523] Motion in Limine No. 11 is GRANTED.**

The Court recites findings with respect to the Defendant's [524] Motion in Limine No. 12 to Exclude Any Reference to the Existence of, or the Court's Treatment of, the Pending Spoliation Motions or any Comment Regarding Spoliation Defenses.  **IT IS ORDERED, [524] Motion in Limine No. 12 is GRANTED.**

National Railroad Passenger Corporation vs. John Davis Trucking Company, Inc.
3:11-cv-00461-HDM-VPC
July 29, 2014
Page 6

---

The Court recites statements with respect to the Defendant's [525] Motion in Limine No. 13 to Exclude Any Evidence Suggesting Commission of Past Securities Fraud by Chris Fotiadis. **IT IS ORDERED, the Court RESERVES on [525] Motion in Limine No. 13. There shall be no reference in the opening statements, and the Court will address [525] Motion if and when Mr. Fotiadis is called as a witness. To the extent there is any argument that the Consent Decree itself should be offered as substantive evidence, [525] Motion in Limine No. 13 is GRANTED.**

The Court recites findings with respect to the Defendant's [541] Motion in Limine No. 14 to Preclude Admission of Any Evidence Related to Alleged Negligent Hiring, Training, Supervision, or Entrustment. **IT IS ORDERED, [541] Motion in Limine No. 14 is GRANTED IN PART and DENIED IN PART. As to negligent hiring, [541] Motion in Limine No. 14 is GRANTED. As to negligent training, supervision or entrustment, [541] Motion in Limine No. 14 is DENIED.** The Court further advises counsel of the possibility of a separate verdict.

The Court recites findings with respect to the Defendant's [542] Motion in Limine No. 15 to Exclude Any Evidence Pertaining to Larry Valli's Alleged Termination by Western Express. **IT IS ORDERED, [542] Motion in Limine No. 15 is GRANTED.**

The Court recites statements with respect to the Defendant's [545] Motion in Limine No. 16 to Exclude Larry Valli's Cell Phone Records and All Associated NTSB Commentary. **IT IS ORDERED, the Court RESERVES on [545] Motion in Limine No. 16 and there shall be no reference in the opening statements.**

The Court recites findings with respect to the Defendant's [547] Motion in Limine No. 17 to Preclude Jace Priester's Animations and Related Testimony. **IT IS ORDERED, [547] Motion in Limine No. 17 is GRANTED.**

The Court recites findings with respect to the Defendant's [550] Motion in Limine No. 18 to Preclude Testimony from Expert Witness Dr. Ashley Dunn and Preclude Evidence of Alleged Driver Fatigue and Incidental Findings of Mismatched Brake Chambers and Alleged Excessive Brake Wear. **IT IS ORDERED, [550] Motion in Limine No. 18 is DENIED, except as to the brake drums and mismatched brake chambers to which it is GRANTED with prejudice.**

The Court recites statements with respect to the Defendant's [553] Motion in Limine No. 19 to Preclude Testimony From Expert Witness David Rondinone. **IT IS ORDERED, the Court RESERVES on [553] Motion in Limine No. 19 until the time of trial.**

The Court recites findings with respect to the Defendant's [557] Motion in Limine No. 20 to Preclude Testimony from Expert Witness James Flynn. **IT IS ORDERED, [557] Motion in Limine No. 20 is DENIED.**

**National Railroad Passenger Corporation vs. John Davis Trucking Company, Inc.**
**3:11-cv-00461-HDM-VPC**
**July 29, 2014**
**Page 7**

---

The Court recites statements with respect to the Defendant's [559] Motion in Limine No. 21 to Preclude Testimony from Expert Witness Whitney Morgan and Preclude Use of the CDL Manual as a Standard.  **IT IS ORDERED, the Court RESERVES on [559] Motion in Limine No. 21 until the time of trial.**

The Court addresses the Defendant's [561] Motion in Limine No. 22, [563] Motion in Limine No. 23, [565] Motion in Limine No. 24, and [569] Motion in Limine No. 25 which all relate to the damages issue.  Due to the bifurcation of the negligence claims and damages, **IT IS ORDERED, the Court RESERVES on [561] Motion in Limine No. 22, [563] Motion in Limine No. 23, [565] Motion in Limine No. 24, and [569] Motion in Limine No. 25.**

The Court recites findings with respect to the Defendant's [571] Motion in Limine No. 26 to Preclude Admission of any Evidence Related to Tractor Trailers Not Involved in the Subject Accident.  **IT IS ORDERED, [571] Motion in Limine No. 26 is GRANTED without prejudice to renew.**

The Court recites findings with respect to the Defendant's [572] Motion in Limine No. 27 to Preclude Dr. Arlene Hoffman from Testifying at Trial.  **IT IS ORDERED, [572] Motion in Limine No. 27 is GRANTED without prejudice to renew.**

The Court recites findings with respect to the Defendant's [574] Motion in Limine No. 28 to Preclude any Party from Asserting that John Davis Trucking Company, Inc. Inspected the Gate Controlling North Bound Traffic on U.S. 95 at the Time of the Incident in its Post-Accident Condition or Asserting that John Davis Trucking has been Given an Opportunity to Inspect the Gate Arm Mechanism in Post-Accident Condition.  **IT IS ORDERED, [574] Motion in Limine No. 28 is DENIED.  IT IS FURTHER ORDERED, the Defendant's [649] Motion to Strike Response to Motion in Limine No. 28 is DENIED.**

The Court recites findings with respect to the Defendant's [576] Motion in Limine No. 29 to Preclude Union Pacific from Contradicting its 30(b)(6) Witness as to the Whereabouts of the Gate Arm or Its Condition Since the Accident.  **IT IS ORDERED, [576] Motion in Limine No. 29 is GRANTED as long as the Defendant is also bound by 30(b)(6) witness answers.**

The Court addresses its intention regarding the recitation to the jury of the case statement in this matter.  The Court will distribute its fact statement to counsel on the morning of August 4, 2014.

The Court acknowledges the parties' proposed voir dire, addresses the Court's procedures with respect to witness examination and discusses miscellaneous trial matters.

**National Railroad Passenger Corporation vs. John Davis Trucking Company, Inc.**
**3:11-cv-00461-HDM-VPC**
**July 29, 2014**
**Page 8**

---

Mr. Jaffe requests clarification with respect to the Court's ruling on the Defendant's [559] Motion in Limine No. 21 relating to testimony of Whitney Morgan and the CDL Manual as a legal standard.  The Court recites statements and Mr. Jaffe confirms his understanding.

Mr. Jaffe requests clarification with respect to the Court's ruling regarding the Plaintiff/Counter-defendant's [540] Motion in Limine No. 15 relating to post-accident conduct, specifically the issue of Witness Kaminkow's credibility.  The Court grants leave to the parties to brief the issue.  **IT IS ORDERED, the Defendant's shall file their brief by Wednesday, July 30, 2014 at 4:00 p.m.  The Plaintiff's shall have until Friday, August 1, 2014 to respond.**

The Court addresses the process of jury selection and the timing of opening statements.

Mr. Jaffe addresses the Court's request for a more precise list of witnesses.  The Court recites statements regarding its request.  The Court, Mr. Jaffe and Mr. Landman confer.  The Court states the parties shall forward their likely list of witnesses by Thursday, July 31, 2014 as earlier requested.  After reviewing each other's lists, the parties may then supplement their previous list by Friday, August 1, 2014.  Mr. Jaffe further inquires regarding a power point video display of the list of witnesses for the prospective jurors and the Court does not oppose.  The Court states any phonetic pronunciations of witness names is appreciated.

In response to Mr. Castillo's inquiry, the Court confirms the anticipated daily trial schedule.

The parties stipulate to the random electronic draw of jurors.

Mr. Landman confirms he will present the opening statements on behalf of the Plaintiff/Counter-defendant.  Mr. Kirklin states he will most likely present the opening statements on behalf of the Counterclaimant.  Mr. Jaffe will follow with opening statements on behalf of the Defendant.

The Court discusses the anticipated voir dire procedure.

**IT IS ORDERED, <u>Jury Trial is set for Monday, August 4, 2014 at 8:00 AM in Reno Courtroom 4 before Judge Howard D. McKibben</u>.  The Court will call for the jury at 9:00 a.m.  IT IS SO ORDERED.**

At 3:48 p.m., the Court adjourns.

                                            LANCE S. WILSON, CLERK

                                        By: /s/ Paris Rich
                                            Deputy Clerk