# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION, | ) ) ) | 3:11-cv-00461-HDM-VPC |
| Plaintiff, | ) ) | ORDER |
| vs. | ) ) | |
| JOHN DAVIS TRUCKING COMPANY, INC., | ) ) ) | |
| Defendant. | ) ) | |
| JOHN DAVIS TRUCKING COMPANY, INC., | ) ) ) | |
| Counterclaimant, | ) ) | |
| vs. | ) ) | |
| NATIONAL RAILROAD PASSENGER CORPORATION, UNION PACIFIC RAILROAD COMPANY, and DOES 1-5, | ) ) ) ) | |
| Counterdefendants. | ) ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) ) | |
| Counterclaimant, | ) ) | |
| vs. | ) ) | |
| JOHN DAVIS TRUCKING COMPANY, INC., | ) ) ) | |
| Counterdefendant. | ) ) | |

1    Before the court is a motion for attorney's fees filed by
2 National Railroad Passenger Corporation ("Amtrak") and Union
3 Pacific Railroad Company ("Union Pacific") (collectively
4 "railroads") (#761).  John Davis Trucking Company ("JDT") has
5 opposed (#767), and the railroads have replied (#780).
6    The railroads seek attorney's fees pursuant to Federal Rule of
7 Civil Procedure 37(c)(2).  Under that rule, a party that fails to
8 admit a matter in response to a request for admission must pay
9 reasonable expenses, including attorney's fees, incurred in making
10 proof of that matter if the matter is later proven to be true,
11 unless:
12    (A)   the request was held objectionable under Rule 36(a);
13    (B)   the admission sought was of no substantial importance;
14    (C)   the party failing to admit had a reasonable ground to
15          believe that it might prevail on the matter; or
16    (D)   there was other good reason for the failure to admit.
17 Fed. R. Civ. P. 37(c)(2).
18    The railroads argue that JDT failed to make the following
19 admissions: (1) that JDT's truck driver, Lawrence Valli, failed to
20 stop at the railroad crossing on the date of the incident; (2) that
21 as Valli approached the crossing, he had a duty to drive the truck
22 at a rate of speed which would have allowed the truck to be stopped
23 before reaching the nearest rail of the crossing; (3) that Valli's
24 failure to exercise due caution on his approach to the crossing
25 caused the incident; and (4) that Valli should not have driven the
26 truck upon or over the crossing until he determined that the
27 crossing was clear of an approaching train.  (Doc. #761 (Mot.
28 Attorney's Fees 3-4 & Ex. A)).

JDT argues that sanctions under Rule 37(c)(2) are not appropriate with regard to the second, third, and fourth requests because they were objectionable and JDT had reasonable grounds to believe it might prevail on those matters.  JDT persuasively argues that sanctions are not appropriate with respect to the first request for admission because JDT admitted that its truck collided with the fourth car of the train so the railroads did not have to expend resources in proving that the truck failed to stop at the crossing.  As to the railroads' remaining requests at issue, for the reasons previously set forth by the court in allowing the issue of liability to go to the jury by denying the railroads' motion for directed verdict and in submitting a spoliation instruction to the jury, the court concludes that JDT had a reasonable basis for believing it might prevail.  Accordingly, an award of attorney's fees pursuant to Rule 37(c)(2) is not warranted and the railroads' motion for attorney's fees (#761) is therefore **DENIED.**

**IT IS SO ORDERED**.

DATED: This 25th day of January, 2016.

_____
UNITED STATES DISTRICT JUDGE

3