1

2

3

4

5

6                **UNITED STATES DISTRICT COURT**

7                    **DISTRICT OF NEVADA**

8

9   NATIONAL RAILROAD PASSENGER      )      3:11-cv-00461-HDM-VPC
    CORPORATION,                     )
10                                   )
                 Plaintiff,          )      ORDER
11                                   )
    vs.                             )
12                                   )
    JOHN DAVIS TRUCKING COMPANY,     )
13  INC.,                            )
                                     )
14               Defendant.          )
    _____)
15                                   )
    JOHN DAVIS TRUCKING COMPANY,     )
16  INC.,                            )
                                     )
17          Counterclaimant,         )
                                     )
18  vs.                             )
                                     )
19  NATIONAL RAILROAD PASSENGER      )
    CORPORATION, UNION PACIFIC       )
20  RAILROAD COMPANY, and DOES 1-5,  )
                                     )
21          Counterdefendants.       )
    _____)
22                                   )
    UNION PACIFIC RAILROAD COMPANY,  )
23                                   )
             Counterclaimant,        )
24                                   )
    vs.                             )
25                                   )
    JOHN DAVIS TRUCKING COMPANY,     )
26  INC.,                            )
                                     )
27           Counterdefendant.       )
    _____)
28

                            1

1       On August 27, 2014, the jury returned verdicts in favor of

2  National Railroad Passenger Corporation ("Amtrak") and Union

3  Pacific Railroad Company ("Union Pacific") (collectively

4  "railroads") and against John Davis Trucking Company, Inc. ("JDT").

5  On August 29, 2014, the jury awarded Amtrak $4,552,459.44 in

6  damages and Union Pacific $210,777.04 in damages.

7       On September 24, 2014, JDT filed a renewed motion for judgment

8  as a matter of law, or in the alternative, for a new trial (#775).

9  The railroads have opposed (#807), and JDT has replied (#809).

10      Under Federal Rule of Civil Procedure 50(a), a party may move

11 for judgment as a matter of law after the opposing party has been

12 fully heard on an issue but before the case is submitted to the

13 jury.  *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th

14 Cir. 2009); *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir.

15 2003).  If the court denies the Rule 50(a) motion and the jury

16 returns a verdict against the moving party, the party may renew its

17 motion under Rule 50(b).  *Id.*  The jury's verdict must be upheld

18 "if there was any 'legally sufficient basis' to support it."

19 *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd*, 762 F.3d

20 829, 842 (9th Cir. 2014) (quoting *Costa v. Desert Palace, Inc.*, 299

21 F.3d 838, 859 (9th Cir. 2002)).  "In making that determination, the

22 district court considers all of the evidence in the record, drawing

23 all reasonable inferences in favor of the nonmoving party . . . .;

24 the court may not make any credibility determinations or reweigh

25 the evidence."  *Id.*  "Judgment as a matter of law is proper when

26 the evidence permits a reasonable jury to reach only one

27 conclusion" and "that conclusion is contrary to the jury's

28 verdict."  *Martin v. Calif. Dep't of Veterans Affairs*, 560 F.3d

2

1 1042, 1046 (9th Cir. 2009) (quoting *Quiksilver, Inc. v. Kymsta*

2 *Corp.*, 466 F.3d 749, 755 (9th Cir. 2006) and *Pavao v. Pagay*, 307

3 F.3d 915, 918 (9th Cir. 2002)).  "If reasonable minds could differ

4 as to the import of the evidence, . . . a verdict should not be

5 directed."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250-51

6 (1986).

7      Under Federal Rule of Civil Procedure 59, a party may move for

8 a new trial as to some or all issues.  While the rule "does not

9 specify the grounds on which a motion for a new trial may be

10 granted," the court is "bound by those grounds that have been

11 historically recognized."  *Zhang v. Am. Gem Seafoods, Inc.*, 339

12 F.3d 1020, 1035 (9th Cir. 2003).  Examples of such grounds include

13 "that the verdict is against the weight of the evidence, that the

14 damages are excessive, or that, for other reasons, the trial was

15 not fair to the party moving."  *Molski v. M.J. Cable, Inc.*, 481

16 F.3d 724, 729 (9th Cir. 2007) (quoting *Montgomery Ward & Co. v.*

17 *Duncan*, 311 U.S. 243, 251 (1940)).  The Ninth Circuit has held that

18 the court "may grant a new trial only if the verdict is contrary to

19 the clear weight of the evidence, is based upon false or perjurious

20 evidence, or to prevent a miscarriage of justice."  *Id.* (quoting

21 *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510

22 n. 15 (9th Cir. 2000)).

23      JDT's motion is comprised largely of arguments it has already

24 raised – in some cases repeatedly – and which the court has already

25 decided.  For the reasons previously set forth by the court, its

26 prior rulings on those issues are hereby reconfirmed.  To the

27 extent any arguments are raised that have not been previously

28 addressed by the court, the court finds they are not supported by

3

1   the law or facts of this case.  A legally sufficient basis existed

2   for the jury's verdicts.  The verdicts were not contrary to the

3   clear weight of the evidence, the damages were reasonable and

4   supported by the evidence, and there is no basis for concluding

5   that the jury was presented with false or perjurious evidence.

6   Finally, JDT received a fair trial on all issues raised.

7   Accordingly, JDT's renewed motion for judgment as a matter of law

8   or in the alternative for a new trial (#775) is **DENIED.**

9        **IT IS SO ORDERED.**

10        DATED: This 25th day of January, 2016.

11

12        _____
          UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4